UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYANT TRIMALE PRATT,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION, et al.,<br><br>    Defendants. | Case No. 21-cv-09943-JSW<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983 seeking immediate release from custody on parole. He is serving a sentence of ninety years to life in state prison.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.* Habeas is the "exclusive remedy" for the prisoner, such as Plaintiff, who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Plaintiff's civil rights complaint must be dismissed without prejudice to bringing it as a petition for writ of habeas corpus.

Plaintiff also seeks money damages for being unlawfully incarcerated. Such damages may

1  only be obtained if Plaintiff succeeds in proving in his habeas action that he was previously

2  entitled to release on parole. *Cf. Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (*Heck v.*

3  *Humphrey*, 512 U.S. 477, 486-487 (1994), bars claim for damages based on allegedly unlawful

4  denial of parole).

5       For the foregoing reasons, the case is DISMISSED without prejudice to Plaintiff filing his

6  claims in a petition for a writ of habeas corpus.

7       The Clerk shall enter judgment and close the file.

8       **IT IS SO ORDERED.**

9  Dated: January 18, 2022

*[signature]*
JEFFREY S. WHITE
United States District Judge